UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05525-RGK-BFM | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Vanno Plong v. Golden State Supply, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy**

On May 17, 2024, Vanno Plong ("Plaintiff") filed a Class Action Complaint against Golden State Supply, LLC ("Defendant"), alleging claims for various wage and hour violations. (ECF No. 1-1.) On June 28, 2024, Defendant removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (ECF No. 1.) But upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied.

CAFA applies to class actions in which "the aggregate number of members of all proposed plaintiff classes is 100 or more persons" and the primary defendants are not states, state officials, or other government entities. *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 927–28 (9th Cir. 2015). CAFA grants federal courts original jurisdiction if (1) the aggregate amount in controversy exceeds $5,000,000, (2) the class members amount to at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. § 1332(d)(2).

Ordinarily, federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Importantly, the defendant still bears the burden to show by preponderance of the evidence that removal is proper. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[In enacting CAFA,] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction").

Here, Plaintiff asserts several claims for wage and hour violations. In support of removal, Defendant offers a calculation for just one claim: failure to pay wages timely. According to Defendant, the putative class comprises more than 5,000 members. Based on the "conservative" assumption that each member is owed unpaid wages, it can be "reasonably" inferred that each member is owed waiting time penalties at the average hourly rate for the maximum penalty of thirty days, which amounts to more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05525-RGK-BFM | Date | July 9, 2024 |
|---|---|---|---|
| Title | *Vanno Plong v. Golden State Supply, LLC* | | |

than $15,000,000. The Court is not convinced. Defendant fails to explain how its assumptions and inferences are "conservative" or "reasonable," and thereby fails to satisfy its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE, in writing,** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     JRE/sf